# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Morton Denlow |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7403 | **DATE** | 5/23/2003 |
| **CASE TITLE** | Preservation Products, LLC vs. Nutraceutical Clinical Laboratories Int'l Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to compel Paul Simmons to give discovery is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | MAY 27 2003 | |
| | Notified counsel by telephone. | | date docketed | 30 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 5/23/2003 | |
| DK | courtroom deputy's initials | | date mailed notice | |
| | | | DK | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| PRESERVATION PRODUCTS, LLC, an Indiana limited liability company, | ) ) ) |
| Plaintiff, | ) ) Case No. 01 C 7403 |
| v. | ) ) |
| NUTRACEUTICAL CLINICAL LABORATORIES INTERNATIONAL, INC., a Florida corporation; NATURAL PRESERVATION TECHNOLOGY, INC., a Florida corporation; and PAUL SIMMONS, | ) Magistrate Judge Morton Denlow ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff, Preservation Products, LLC ("Plaintiff"), moves this Court for an order compelling defendant, Paul Simmons ("Simmons"), to provide a written consent authorizing Plaintiff to obtain from the Securities & Exchange Commission ("SEC") a copy of a prior statement under oath and related documents that Simmons gave to the SEC sometime in 2001. For the reasons stated herein, Plaintiff's motion is granted.

### II. FACTUAL BACKGROUND

Plaintiff filed this patent and trademark infringement case against defendants, Nutraceutical Clinical Laboratories International, Inc. ("Nutraceutical"), Natural Preservation Technology, Inc., and Simmons (collectively "Defendants"), alleging misconduct by

Defendants in infringing patents that Plaintiff previously licensed to Nutraceutical. Simmons was Nutraceutical's chief executive officer and is the individual who Plaintiff alleges was directly responsible for the activities giving rise to this lawsuit. In 2001, the SEC conducted an investigation styled *In The Matter of Nutraceutical Clinical Laboratories International,* File No. HO-9162, to determine whether Nutraceutical and its officers, including Simmons, violated the federal securities laws. In the course of the investigation, the SEC took Simmons' deposition. On information and belief, the SEC inquired into the facts and circumstances concerning the formation of the license agreement between Plaintiff and Nutraceutical, the product "Liquisorb" that is the subject of this action, and the licensing arrangements between the parties.

Plaintiff contacted the SEC to obtain Simmons' deposition and copies of documents he produced to the SEC. The SEC has voiced no objection to the production of the requested documents, but advised Plaintiff that it was not authorized to release such information without the written consent of the individual or entity who provided the information to the SEC. The SEC provided Plaintiff with the necessary order form which requires Simmons' signature. Plaintiff has requested Simmons to execute the form and to return it to Plaintiff. Simmons has refused. Plaintiff now moves to compel.

### III. DISCUSSION

Rule 34(a) of the Federal Rules of Civil Procedure requires a party to produce documents "which constitute or contain matters within the scope of Rule 26(b) and which

2

are in the possession, custody or control of the party upon whom the request is served...."
FED. R. CIV. P. 34(a). Courts faced with this identical issue have required persons such as Simmons to produce copies of SEC investigation documents in their possession or to cooperate in obtaining such documents from the SEC. *In re Legato Systems, Inc. Securities Litig.*, 204 F.R.D. 167, 170 (N.D. Cal. 2001); *In re Woolworth Corp. Securities Class Action Litig.*, 166 F.R.D. 311, 313 (S.D.N.Y. 1996); *Herbst v. Able*, 63 F.R.D. 135, 137-38 (S.D.N.Y. 1972).

In *Legato*, the court granted a motion to compel requiring a party to request a copy of his transcript from the SEC. 204 F.R. D. at 170. The court rejected the argument that defendant was not required to provide this item to Plaintiffs because he did not have a copy in his physical possession. *Id.* at 169-70. In a thorough analysis, the court analyzed the term "control" under Rule 34(a) and found that the transcript of defendant's testimony before the SEC is within his control for purposes of Rule 34(a). *Id.* at 170.

In *Woolworth*, the Court held that a non-party former controller of a corporation was required to endeavor to obtain a copy of her SEC testimony from the SEC because she had "control" of the transcript through her ability to order it from the SEC. 166 F.R.D. at 313. The Court granted a motion to compel directing the ex-employee to request a copy of her transcript from the SEC and to thereafter turn it over to plaintiffs' counsel for copying at plaintiffs' expense. *Id.*

A similar result was reached in *Herbst v. Able*, 63 F.R.D. 135 (S.D.N.Y. 1972). In

*Herbst*, defendants and non-defendant employees were directed to secure copies of their SEC transcripts together with the related exhibits, and to turn those documents over to plaintiffs' counsel as part of discovery. *Id.* at 137-38.

Simmons' reliance on *Kirkland v. The Superior Court of Los Angeles County*, 95 Cal. App. 4th 92, 115 Cal. Rptr. 2d 279 (2d Dist. 2002) is misplaced. In that case, the court held that transcripts of testimony given before the SEC in the course of an investigation are discoverable in civil litigation where the party from whom discovery is sought has possession of or ready access to the documents and transcripts. 95 Cal. App. 4th at 93, 115 Cal. Rptr. 2d at 281. The fact that Simmons does not currently have copies in his possession is not significant because he has "control" of those documents by signing the necessary request form.

## IV. CONCLUSION

Plaintiff's motion to compel Paul Simmons to give discovery is granted. Defendant Paul Simmons is directed to execute and return to Plaintiff's counsel, within seven (7) days of receipt of this order, the order form attached to the April 9, 2003 letter from Robert M. Winter to Simmons (Ex. 1 to the motion to compel). Plaintiff is to pay for all costs in securing a copy of the documents from the SEC and shall provide a copy to Simmons and other counsel in this case upon payment of its standard client copying costs.

**SO ORDERED THIS 23rd DAY OF MAY, 2003.**

*Morton Denlow*

**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies mailed to:**

James M. DeZaler
Robbins, Saloman & Patt, Ltd.
25 East Washington Street
Suite 1000
Chicago, IL 60602

Counsel for Plaintiff

Marvin N. Benn
Much, Shelist, Freed, Denenberg,
 Ament & Rubenstein, PC
200 N. LaSalle Street, Suite 2100
Chicago, IL 60601

Arthur W. Fisher, III
5553 West Walters Ave.
Suite 316
Tampa, Florida 33634

David Runyan
Runyan & Runyan, P.A.
P.O. Box 86338
Maderia Beach, FL 33738

Counsel for Defendants.